[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the motion for summary judgment of the defendant City of West Haven ("City) which asserts that the plaintiff states no cause of action against it as to disputes arising from the termination of his employment. The City of West Haven asserts 1) that it was not, as a matter of law, the plaintiff's employer at the time of the termination of his employment, 2) that the Worker's Compensation Act bars his claim against the City for negligent and intentional infliction of emotional distress, and 3) that the doctrine of municipal immunity bars the plaintiff's claim against it.
The plaintiff's revised complaint consists of ten counts. The first five counts of the complaint are directed at the First Fire Tax District of the City of West Haven, and at William S. Johnson Jr., both individually and in his capacity as Chief of the First Fire Taxation District of the City of West Haven and Donald J. Lewis, Bruce E. Sweeney, and Stephen D. Dargan in their official capacities as officers of the First Fire Taxation Board of Fire Commissioners.
The counts directed at the movant City of West Haven are Counts Six through Ten.
In Count six, the plaintiff alleges that he was terminated from his employment before the completion of his probationary CT Page 10003 period (Complaint, para. 24) without hearing, in violation of his claimed right to due process of law. He claims that his termination without a hearing is actionable pursuant to 42 U.S.C. § 1983. The plaintiff acknowledges that he was employed not directly by the City of West Haven but by a separately incorporated entity known as the First Fire Tax District of the City of West Haven. He alleges the action of defendant Johnson as the highest ranking executive officer of that entity and the actions of defendants Lewis, Sweeney and Dargan as officers of that entity, "are the actions of. . .the City of West Haven." (Complaint, paras. 10, 11).
The complaint contains no factual allegations to support the conclusory claim that the actions of these officials of the First Fire Tax District were approved or requested by any official of the Town of West Haven, and the allegation appears therefore to be that all actions of the officials of the First Fire Tax District are to be imputed to the City of West Haven. The complaint contains no allegation concerning any legal relationship between the officials of the First Fire Tax District and the City.
In Count Seven the plaintiff asserts that the actions of the First Fire Tax District through its officials constitute a deprivation of due process, actionable pursuant to 42 U.S.C. § 1983, because they "subject[ed] him to public stigma and vilification through false charges and statements and by terminating him from his employment." (Complaint, para. 26). In this count the plaintiff adds no allegations as to the City but adopts the prior statement that the actions of the First Fire Tax District and its officials are the actions of the City.
In Count Eight the plaintiff alleges intentional infliction of emotional distress and in Count Nine he alleges negligent infliction of emotional distress.
In Count Ten the plaintiff alleges malicious interference with his right to earn a livelihood.
In these counts the plaintiff has added no allegations specific to the City of West Haven but incorporates the allegation that the actions of the First Fire Tax District and its officials constitute the actions of the City.
Standard of Review
CT Page 10004
Summary judgment is appropriate when it is clear what the facts are, that there are not disputed issues of material fact, and that the facts entitle the movant to relief as a matter of law. Practice Book § 384; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts.Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
Status of First Fire Tax District
The crux of the city's motion is that, as a matter of law, the action of officials of the First Fire Tax District in employing and terminating the employment of employees are not the actions of the City of West Haven and that it cannot therefore be held liable for the acts of that entity or its officials.
The plaintiff has not alleged that the First Fire Tax District is a department of the City or an agent of it. Rather, he alleges that it is "a body politic and corporation incorporated under the laws of the State of Connecticut." (Complaint, para. 4). Likewise, the plaintiff has not alleged that defendants Johnson, Lewis, Sweeney and Dargan are officials of the City as well as of the First Fire Tax District. The plaintiff has alleged no participation in the events complained of by anyone connected with the City, and his claim of a connection between the acts of the other defendants and the City is limited to the conclusory assertion that the actions of the other defendants "are the actions of. . .the City of West Haven." (Complaint, paras. 10, 11).
The defendant has filed documents concerning the legal status of the entity known as the First Fire Tax District, and the plaintiff has filed no affidavits alleging facts that would give rise to a finding that the other defendants, though officials of a legally separate entity, were acting on the occasion at issue at the behest of or as the agent for the City. Rather, the plaintiff contends that the agency relationship exists as matter of law, such that the actions of the First Fire Tax District and its officials are, as a matter of law, imputed to the City. The plaintiff makes no claim that there is any genuine dispute as to any material fact concerning the legal relationship at issue and is in apparent agreement with the City that its potential CT Page 10005 liability for the actions of the other defendants is a matter of law.
The Home Rule Act, General Statutes § 7-187 et seq., authorized Connecticut cities and towns to draft their own charters. The Act also provided that fire and other special service districts established by special act may enact and amend charters. General Statutes § 7-324. In 1973, the Home Rule Ordinance of the First Fire Taxing District in the City of West Haven was enacted by referendum by the voting electorate of that District, which had existed for many years. That ordinance provides for the incorporation of the First Fire Taxation District and designates the inhabitants of the part of the City of West Haven served by that entity as a body politic and corporation empowered to hold and convey real and personal property and to levy taxes on residents within the district and to elect a Board of Fire Commissioners which "shall have the general management and control of the fire department." (Home Rule Ordinance, Chapter II, § 3; Nov. 6, 1973.)
The only involvement of officials of the City of West Haven with this corporation is the duty of the Board of Assessors to prepare a list of taxable properties within the district for use by the district in levying taxes to conduct the operation of the district. The Home Rule Ordinance specifically provides a Chapter II, Section 3 that the district's Board of Fire Commissioners "shall adopt necessary rules and regulations for government [of the fire district] and shall have care and custody of the property and equipment used by said fire department." Commissioners are also given exclusive authority in that program to authorize expenditures from the district's budget and to appoint the fire chief and hold such other reins as are needed to operate the district. (Chapter II, § 6).
The plaintiff has identified no authority concerning operation of the First Fire Taxation District that was retained by the City of West Haven. Rather, the state of the law is that fire protection is not one of the services that the City of West Haven supplies to those who reside in the area defined as the First Fire Tax District and that those services are instead supplied by this separate entity, which has its own electorate, tax levies, budget, and officials who answer only to the electorate and not to any official of the City. The Charter of the City of West Haven does not identify the First Fire Taxation District as a municipal department but specifically recognizes CT Page 10006 its separate identity in § C15-1(B)(i):
 (i) This Charter shall in no way affect the First Fire Taxation District, the Allingtown Fire District or the West Shore Fire District. These fire districts shall continue to function in their entirety in accordance with the provisions of the special acts pertaining thereto.
The Connecticut Supreme Court has recognized that there exist in this state public corporate entities which are separate and distinct from the municipalities in which they provide services. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 186
(1988). In Austin v. Housing Authority, 143 Conn. 338, 349
(1956), the Court noted that the statutorily created Hartford Housing Authority "is not an agency of the city of Hartford", but a "distinct corporate entity." Id. Likewise, in Groton v.Commission on Human Rights Opportunities, 169 Conn. 89, 109
(1975) (Cotter, J., concurring) a volunteer fire company was recognized as an entity distinguishable from the Town of Groton, on whose behalf it supplied fire protection to Groton residents.
The plaintiff suggests that the United States Court of Appeals for the Second Circuit has reached a contrary conclusion in Janusaitis v. Middlebury Volunteer Fire Department, 607 F.2d 17
(2d Cir. 1979). In fact, the issue in that case was whether a volunteer fire company was a governmental entity for purposes of engaging in "state action" pursuant to 42 U.S.C. § 1983, not, as here, whether a fire tax district is a separate governmental entity from the town itself.
The plaintiff has identified no provision of the Charter of the City of West Haven that purports to retain to City officials any aspect of the operations of the First Fire Tax District, nor has he presented any affidavits or other submissions suggesting any actual involvement in the events in question by any official or employee of the City of West Haven. All of the allegations of the complaint allege violations only by officials of the defendant First Fire Tax District, which the court finds to be a separate governmental entity, the actions of which are not attributable as a matter of law to the City of West Haven.
The Motion For Summary Judgment (#118) is granted on the ground that as a matter of law the City of West Haven is not CT Page 10007 liable for the actions of the First Fire Tax District in the absence of any allegation of any actual participation by the City of West Haven in any of the actions alleged.
In view of this determination, it is not necessary to reach the City's claim of immunity and its alternative invocation of the bar of the Worker's Compensation Act.
Michael Hartmere, Judge